# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOEL B. ATTIA, | : | |
| Plaintiff, | : | |
| vs. | : | CA 21-0246-CG-MU |
| ECD TREATMENT CENTER, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This *pro se* action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Joel Attia's failure to prosecute and comply with the Court's order dated and entered June 28, 2021 (Doc. 5).

On May 19, 2021, Joel B. Attia filed a form complaint for a civil case in this Court. (*See* Doc. 1). Because Plaintiff did not pay the filing fee when he filed his form complaint, nor did he file a motion to proceed without prepayment of fees (*see* Docket Sheet), he was ordered to either pay the filing fee or file an IFP motion. (*See* Doc. 2). Attia timely responded to this Order, filing an IFP motion on June 21, 2021. (Doc. 3). Plaintiff's IFP motion was granted on June 24, 2021 (Doc. 4); however, service was withheld pending the undersigned's screening of the complaint under 28 U.S.C. § 1915(e)(2)(B) (*see id.,* PageID. 15). Screening of Attia's complaint led to the undersigned's entry of an order on June 28, 2021, instructing Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil

Procedure (not later than July 28, 2021). (*See* Doc. 5, PageID. 16). The Court explained to Plaintiff in detail the three requirements of Rule 8(a)—that is, a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing he is entitled to relief, and a demand for relief sought (*see id.,* PageID. 17)—and how his initial complaint had run afoul of each of the Rule 8(a) requirements (*see id.,* PageID. 18-23). Attia was specifically warned that any "[f]ailure to comply with this order within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's order." (*Id.*, PageID. 24; *see also id.* ("The failure to plead an amended complaint that complies with Rule 8(a) and the directives above, after being required to replead a complaint, will result in this action's Rule 41(b) dismissal for failure to comply with the Court's order.")). To date, Attia has not filed an amended complaint, nor has he otherwise responded to the Court's Order dated and entered June 28, 2021. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th

Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Attia has not responded to the Court's Order dated and entered on June 28, 2021, instructing him to file an amended complaint in compliance with Rule 8(a) by not later than July 28, 2021. (*Compare* Docket Sheet *with* Doc. 5).[1] Therefore, it is recommended that Attia's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated and entered on June 28, 2021.[2]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[1] As a result of Plaintiff's failure to file an amended complaint, this Court only has before it a complaint (Doc. 1) that does not contain an appropriate jurisdictional statement, does not make a proper demand for relief sought, and which does not state a plausible claim for relief against any of the litany of Defendants Attia has attempted to sue (*compare id. with* Doc. 5).

[2] Dismissal of this action now without waiting any additional time to hear from Attia is reasonable because the free-world Plaintiff has previously shown an ability to respond timely to orders entered by this Court (Doc. 3; *compare id. with* Doc. 2).

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of August, 2021.

                                                s/P. Bradley Murray
                                       **UNITED STATES MAGISTRATE JUDGE**